# Richmond

## STANDARD LAUNDRY SERVICE, INC. v. LOUIS PASTELNICK.

### March 12, 1936.

Present, Campbell, C. J., and Holt, Gregory, Chinn and
Eggleston, JJ.

The opinion states the case.

*William C. Gloth* and *H. W. Dudley,* for the plaintiff in error.

*Edgar W. Pumphrey* and *Warren E. Miller,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Louis Pastelnick filed his declaration in the court below against the Standard Laundry Service, Incorporated, claiming damages for a breach of an employment contract and recovered a verdict and judgment for $1,000. That judgment is now before us upon a writ of error. The Standard Laundry Service, Incorporated, will be referred to as the defendant.

On February 23, 1932, the defendant entered into a written agreement with Louis Pastelnick, by the terms of which the defendant agreed to employ Pastelnick as a salesman, collector and sales manager for a period of two years, beginning on February 23, 1932, and extending to February 23, 1934. By the terms of the said contract Pastelnick was to receive the sum of $30 per week, which was to be raised gradually until the end of the first year at which time his wages were to be $50 per week.

Pastelnick entered into the services of the defendant under the terms of the contract and worked from February 23, 1932, until August 5, 1932, at which later date the defendant discharged him. He received his pay according to the terms of the contract until the time of his discharge. The defendant contended that it had just cause to discharge Pastelnick and terminate his employment, but this question was properly submitted to the jury and it resolved the question against the defendant, therefore, it is established that Pastelnick was discharged without just cause.

On August 16, 1932, Pastelnick instituted this action by declaration which contained one count. The case was not tried until the June Term, 1934, some six months subse-

quent to the time that said contract would have expired had it been complied with by both parties.

A demurrer was interposed by the defendant to the declaration in which it was claimed that the declaration disclosed that the action was a suit for salary and not a suit for damages for a breach of the contract and that the declaration further disclosed that all accrued salary to the time of discharge had been paid Pastelnick. For that reason it is contended that no cause of action was made in the declaration and that the demurrer should have been sustained. This is the basis for the first assignment of error.

As we view the declaration it appears to us that it could be considered a declaration for a breach of the contract of employment. It is true that the suit was brought before the expiration date of the contract, yet the contract had expired and all damages which possibly could have accrued had accrued at the time the case was tried. We do not think that Pastelnick is confined and limited in his cause of action only to wages due him at the time of his discharge. The object of the suit as expressed in the memorandum which was filed asking that process issue was to "recover for the plaintiff from the defendant the sum of $4,000, as the amount due for a breach of contract dated February 23, 1932."

The declaration contains an allegation as to the existence of the contract, the amount of wages that were to be paid Pastelnick and the time when the contract would begin and terminate. It further contains an allegation that Pastelnick performed his obligation under the contract but that defendant failed and refused to continue Pastelnick in the service of the corporation and on August 5, 1932, that the defendant without just cause discharged Pastelnick, thereby causing him the loss of his wages for the balance of the term from July 30, 1932, until February 23, 1934. "Wherefore the said plaintiff says that by reason of the premises he is injured and has sustained damages in the amount of $4,000."

In our view, however, we think it immaterial whether the declaration be treated as one for salary or wages as such, or one for damages for breach of contract. If we treat the declaration as one for damages then manifestly the demurrer should have been overruled. If we treat it as one for wages, purely as such, then at the time of the trial of the case in October, 1934, the full term of the contract had expired and all wages thereunder had accrued and for that reason the demurrer which was not interposed until January, 1934, and passed upon in May, 1934, should have been overruled. In such case the measure of recovery is the same whether the action be treated as one for salary or one for damages for breach of contract.

When the servant is wrongfully discharged before his term ends he is entitled not only to his wages which have accrued to the date of his discharge, but also to his wages for the unexpired portion of the term of his employment, less the amount he has earned or might, by reasonable effort, have earned in other employment. In all cases it is the duty of the discharged servant to make reasonable efforts to secure other employment. He should search for like employment though the damages will be reduced by amounts earned in any employment during the unexpired term. Elliott on Contracts, Vol. 3, sections 2154, 2155. *Buchanan & Son* v. *Ewell,* 148 Va. 762, 139 S. E. 483; *Davis* v. *Laurel River Lbr. Co.,* 85 W. Va. 191, 101 S. E. 447.

In the present case the evidence discloses that during the unexpired term of the contract Pastelnick earned $874, which was evidently applied and deducted by the jury from the total amount due under the contract to the end of that period.

In the contract Pastelnick agreed with the defendant that he would not during his employment or after the end thereof irrespective of the time or cause of the termination of said agreement, directly or indirectly disclose to any person, firm or corporation the name, address or re-

quirements of any of the customers of the defendant; that he would not for a period of one year after the termination of his agreement solicit, service or cater to any of the customers of the defendant, and he further agreed that any violation on his part of this covenant would cause irreparable damages to the defendant and would constitute basis for an injunction.

The defendant contends that this covenant was an independent one and by it Pastelnick was forbidden to solicit laundry from any customer of the corporation until after a year from the termination of his employment for any cause whatever. It further contends that after his discharge Pastelnick did solicit laundry from the customers of the defendant within the year and thereby violated his covenant and for that reason he has no right to damages for his discharge even though it was unjustified and wrongful. With this contention we cannot agree. The contract of employment was an entire and inseparable one. The defendant will not be allowed to breach the contract by wrongfully discharging Pastelnick before the end of his term and then later hold him bound to the covenant under the contract. When it breached the contract its rights under it were terminated for all purposes. The performance of the covenant by Pastelnick after the defendant had wrongfully discharged him was not a condition precedent to his right to maintain an action for damages for the breach. The defendant in effect waived the performance of the covenant when it terminated the contract without just cause.

Complaint is made of the instructions but what has already been said disposes of the objection. Instruction 2, given at the request of Pastelnick, was not objected to. This instruction properly defined the rights of the parties and the measure of damages. It was as follows: "The court instructs the jury that the defendant's liability to the plaintiff for the breach of the contract is to be measured by the amount to which plaintiff was entitled under the contract from July 30, 1932, to February 23, 1934, the

expiration date of the contract, less the amounts which the evidence shows plaintiff actually received, or by the exercise of reasonable diligence might have received for personal services during this period of time." This instruction, given without objection from the defendant, became the law of the case. It was substantially the same as instruction 5, which was objected to. The latter instruction was also proper. The other instructions refused were not appropriate nor applicable to the case and were properly refused.

In instruction 6, the court charged the jury that after a contract has been breached by one party, there is no obligation upon the other party to comply with its terms.

The preponderance of the evidence shows clearly that Pastelnick was discharged without just cause after he had worked only some four or five months under a two year contract; that practically the only work for which he was fitted was that of soliciting for and working in laundries and that if he were compelled to refrain from such work during the remainder of the term he probably could not have gotten another job. We do not think it would be just or fair to permit the defendant to first breach its contract by wrongfully discharging Pastelnick and then hold him to one of the obligations of that same contract. The court below thought he was not required to perform his obligation under the contract which had previously been flagrantly violated by the defendant. In this view we agree. The judgment is affirmed.

*Affirmed.*