461 S.E.2d 144

**Rondall L. LAWRENCE, Plaintiff Below, Appellee,**

v.

**CUE PAGING CORPORATION, Defendant Below, Appellant.**

**No. 22645.**

Supreme Court of Appeals of West Virginia.

Submitted May 10, 1995.

Decided July 19, 1995.

**640**

William J. Powell, Anthony J. Majestro, Jackson & Kelly, Charleston, for appellant.

C. Page Hamrick, III, Charleston, for appellee.

## PER CURIAM:

This action is before this Court upon an appeal from the final order of the Circuit Court of Kanawha County, West Virginia, entered on May 20, 1994. Pursuant to that order, the circuit court denied the post-trial motions of the appellant, CUE Paging Corporation, and confirmed the entry of judgment against the appellant in the amount of $139,446.24, following a jury verdict. This action involves a complaint filed by the appellee, Rondall L. Lawrence, against the appellant for the wrongful termination of an employment contract. For the reasons set forth below, the final order of the circuit court is affirmed.

### I

The appellant, CUE Paging Corporation (hereinafter "CUE"), is a foreign corporation engaged in the business of providing a nationwide paging service. The CUE system works through a combination of satellites and local FM radio stations. When someone wants to page a CUE customer, he or she dials a CUE telephone number and enters the CUE customer's pager number and the number at which the person calling can be reached. A signal is then transmitted through a satellite and through an FM radio station to the CUE customer. The CUE customer can then return the call.

In 1990, CUE sought to establish its business in the West Virginia area. Darrell Husky, a CUE representative, travelled to Charleston, West Virginia, in search of some-

one to sell CUE's service and, ultimately, began discussing employment opportunities with the appellee, Rondall L. Lawrence. Although Lawrence was unemployed, he had recently worked as a salesman for American Mobilphone, Inc., a local paging company.

Soon after, Darrell Husky and Rondall L. Lawrence flew to Washington, D.C. to meet with Gordon Kaiser, the Chairman and Chief Executive Officer of CUE. At that time, according to CUE, it intended to initiate operations in West Virginia by incorporating a wholly owned subsidiary in the Charleston area. Kaiser and Lawrence discussed making Lawrence a CUE employee.

CUE never incorporated the subsidiary in West Virginia. However, after his return from Washington, D.C., Rondall L. Lawrence received a letter dated December 14, 1990, from Gordon Kaiser offering employment with CUE. That letter stated:

> Further to our meeting in Washington, this will outline the proposed agreement between CUE Paging Corporation and yourself with respect to the management of CUE of West Virginia. CUE will commit to developing a statewide system in West Virginia, starting with the station in Charleston. CUE is prepared to enter into a three year management agreement on the following terms:
>
> You will be General Manager of CUE of West Virginia for a period of three years and will receive as compensation:
>
> a. Salary of $40,000.00 per year.
>
> b. Car allowance of $400.00 per month.
>
> c. All the usual benefits received by employees of CUE Paging Corporation.
>
> . . . .
>
> Please advise as soon as possible if the above is acceptable and sign in the space indicated below.
>
> This contract will commence on the day the system is implemented in Charleston. At the present time, we are actively pursuing arrangements with Broadcasters.

Rondall L. Lawrence signed the letter and returned it to CUE. After reaching an agreement with a Charleston radio station, CUE implemented service in West Virginia.

Thereafter, effective February 20, 1991, CUE placed Lawrence on the payroll.

The employment of Rondall L. Lawrence by CUE was shortlived. By letter dated June 24, 1991, from Gordon Kaiser, Lawrence was informed that CUE's progress in West Virginia had not been good and that his employment would be terminated effective June 28, 1991. Although that letter was general in nature, CUE has since asserted that Lawrence (1) sold little or no CUE paging units in West Virginia, (2) failed to sign up any affiliates to sell the CUE system as an adjunct to their other businesses, (3) failed to recruit radio stations for the CUE system and (4) never opened a CUE office, other than an office located in Lawrence's residence.

Asserting, however, that he had performed the services required under the December 14, 1990, contract, and was willing to continue those services, Rondall L. Lawrence filed a complaint in the Circuit Court of Kanawha County against CUE for wrongful termination of the contract.

Trial was conducted in the circuit court in April 1993, and the jury returned a verdict in favor of Lawrence. Pursuant to its final order entered on May 20, 1994, the circuit court confirmed its entry of judgment against CUE in the amount of $139,446.24 and, in addition, denied CUE's post-trial motions.

## II

Shortly before trial, the circuit court ruled, as a matter of law, that a three-year contract had been entered into between CUE and Lawrence, as evidenced by the letter of December 14, 1990. CUE contends that the circuit court's ruling was error because the existence of such a contract was a jury question.

■ Inasmuch as the ruling of the circuit court on that point involves an application of the law to the facts, our review of that ruling is *de novo*. *Adkins v. Gatson,* 192 W.Va. 561, 565, 453 S.E.2d 395, 399 (1994); syl. pt. 3, *Committee on Legal Ethics v. McCorkle,* 192 W.Va. 286, 452 S.E.2d 377 (1994). Nevertheless, this Court is of the opinion that the existence of the three-year contract was not a question of fact and, therefore, not a question for jury determination.

The letter of December 14, 1990, clearly and unambiguously stated that CUE was "prepared to enter into a three year management agreement" with Rondall L. Lawrence, and Lawrence would work for CUE "for a period of three years." The letter was signed by both Gordon Kaiser and Lawrence. Moreover, the letter stated that "this contract" would commence upon the implementation of the CUE system in Charleston. Clearly, when the system was, in fact, implemented, CUE confirmed the contract by placing Lawrence on the payroll.

■ This Court has recognized that a contract of employment may be formed by correspondence. Syl. pt. 3, *Stewart v. Blackwood Electric Steel Corp.* 100 W.Va. 331, 130 S.E. 447 (1925). In addition, as this Court stated generally in syllabus point 1 of *Orteza v. Monongalia County General Hospital,* 173 W.Va. 461, 318 S.E.2d 40 (1984): " 'It is the province of the Court, and not of the jury, to interpret a written contract.' Syl. pt. 1, *Stephens v. Bartlett,* 118 W.Va. 421, 191 S.E. 550 (1937)." Syl. pt. 3, *Tri–State Asphalt Products v. Dravo Corp.* 186 W.Va. 227, 412 S.E.2d 225 (1991). *See also Winn v. Aleda Construction Co.* 227 Va. 304, 307, 315 S.E.2d 193, 194 (1984): "It is a well-established principle that, when a contract is clear and unambiguous, it is the duty of the court, and not the jury, to decide its meaning."

■ Importantly, however, the record indicates that it was the strategy of CUE at trial to admit the existence of the contract but argue that the employment of Rondall L. Lawrence was terminated for cause. Cue's Instruction No. 1, given to the jury at trial, stated in part: "Thus even though CUE Paging Corporation hired the plaintiff for a fixed term of three years, you may find for the defendant if you find by the preponderance of the evidence that the plaintiff was fired 'for cause.' " Nor did CUE object to an instruction of Rondall L. Lawrence, given to the jury, stating that the circuit court had ruled as a matter of law that Lawrence had a

contract of employment with CUE for a fixed term of three years.

This Court concludes, therefore, that the above assignment of error is without merit.

Second, CUE asserts that the circuit court committed error in not ruling that, as a matter of law, Rondall L. Lawrence's employment was terminated for cause. In particular, CUE asserts that the termination of Lawrence's employment was compelled by (1) economic necessity, in the form of failing to realize profits in West Virginia, and (2) substandard performance by Lawrence. We are of the opinion, however, that the question of whether Rondall L. Lawrence was terminated for cause was for the jury to determine.

Here, the facts were in direct conflict as to whether, as Lawrence contends, he was to manage CUE's efforts to gain an economic foothold for its product in West Virginia, or whether, as CUE contends, he was simply considered to be a salesman of paging units. Gordon Kaiser indicated at trial that early profits were not to be expected upon the entry of a new market. No quotas or standards of performance were ever given to Lawrence by CUE, and upon his termination in June 1991, CUE offered to continue its business relationship with Lawrence upon a commission basis.

■ In syllabus point 5 of *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984), we held:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

Syl. pt. 3, *Realcorp, Inc. v. Gillespie,* 193 W.Va. 99, 454 S.E.2d 393 (1994). *See also Yeager v. Stevenson,* 155 W.Va. 16, 20, 180 S.E.2d 214, 216 (1971): "It has long been settled in this jurisdiction that a jury verdict approved by the trial court rarely will be set aside."

In this action, Rondall L. Lawrence indicated at trial that he considered himself to be a CUE manager, and he devoted all his time to his employer's business. Specifically, Lawrence testified at trial that, during his employment, he travelled throughout West Virginia to recruit radio stations to carry the CUE signal and contacted a number of potential customers and affiliates. In addition, he participated in several conference calls with CUE officials and corresponded regularly with the home office. CUE provided Lawrence with business cards indicating that Lawrence was a CUE manager. Lawrence also prepared market surveys and sales forecasts for CUE, concerning his geographic area, and attended trade shows.

■ This Court, in syllabus point 1 of *Davis v. Laurel River Lumber Co.,* 85 W.Va. 191, 101 S.E. 447 (1919), stated that "[o]ne employed to render personal service to another for a specific term is entitled to recover damages for the breach of his contract of service in case he is discharged, without sufficient cause, before the expiration of the term." Upon an examination of the evidence submitted by the parties, we are of the opinion, as in *Davis,* that the circuit court properly left to the jury the question of whether the employment of Rondall L. Lawrence was terminated for cause.

Finally, CUE asserts that the circuit court committed error in refusing to grant a new trial based upon newly discovered evidence. In that regard, CUE contends that, after trial, it learned that Rondall L. Lawrence was subject to a covenant-not-to-compete and a restrictive covenant with regard to his former employment with American Mobilphone, Inc. Such restrictions, argues CUE, would have provided CUE with additional cause for the termination of Lawrence's employment.

In response, Rondall L. Lawrence asserts that the above information is not newly discovered but, rather, consists of matters that CUE should have pursued earlier in the litigation process. Specifically, in his affidavit

in response to CUE's motion for a new trial, Lawrence states:

> During the meeting at the Washington D.C. National Airport with Gordon Kaiser during November, 1990, I discussed my employment history with Mr. Kaiser and discussed my previous employment with American Mobilphone, Inc. *See* my deposition page 14. We specifically discussed the Covenant Not to Compete which American Mobilphone, Inc. had required me to sign. I told Mr. Kaiser that I did not feel that the covenant was enforceable because I had been terminated by American Mobilphone, Inc. Mr. Kaiser told me that he was a lawyer and not to worry, that no compete clauses were not enforceable.

In the recent case of *State v. Satterfield*, 193 W.Va. 503, 457 S.E.2d 440 (1995), we restated many of the legal principles associated with newly discovered evidence. In *Satterfield*, we cited the syllabus of *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979), which holds:

> 'A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.' Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

The above syllabus point of *Frazier* has been applied to civil cases, as well as criminal cases. Syl. pt. 6, *Adams v. El–Bash*, 175 W.Va. 781, 338 S.E.2d 381 (1985); *Department of Highways v. Brumfield*, 170 W.Va. 677, 680, 295 S.E.2d 917, 920 (1982).

In its final order, the circuit court rejected CUE's claim of newly discovered evidence. We hold that the ruling of the circuit court in that regard is protected by the parameters of sound discretion. *Parker v. Knowlton Construction Company*, 158 W.Va. 314, 329, 210 S.E.2d 918, 927 (1975).

Accordingly, upon all of the above, the final order of the Circuit Court of Kanawha County, entered on May 20, 1994, is affirmed.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

FOX, Judge, and MILLER, J., Retired, sitting by temporary assignment.