**CABRO FOODS, INC., d/b/a County Market, Plaintiff,**

v.

**WELLS FARGO ARMORED SERVICE CORPORATION, Defendant.**

**Civil Action No. 2:96–0684.**

United States District Court, S.D. West Virginia, Charleston Division.

April 15, 1997.

---

J. Robert Leslie and Mark A. Bramble, Kesner, Kesner & Bramble, Charleston, WV, for Plaintiff.

Marc E. Williams, James W. Turner and Krista L. Duncan, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are cross motions for summary judgment and Plaintiff's motion to amend the complaint. The Court **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's motion for summary judgment, and **DENIES** as moot Plaintiff's motion to amend the complaint.

### I. FACTUAL BACKGROUND

In the fall of 1991, Cabro Foods and Wells Fargo entered into a contract in which Wells Fargo would receive a monthly fee in exchange for transporting Cabro's currency for deposit in a nearby bank. Cabro alleges Wells Fargo failed to deliver to the bank $78,912.60 it entrusted to Wells Fargo for delivery on July 25, 1994 and November 4, 1994. Cabro brought this civil action in the Circuit Court of Kanawha County, West Virginia, seeking damages for Wells Fargo's alleged "negligent and otherwise tortious" failure to deliver the funds. Complaint ¶¶ 6, 7. Wells Fargo removed the case pursuant to 28 U.S.C. § 1441(a) on grounds of diversity jurisdiction, 28 U.S.C. § 1332(a).

In support of its motion, Wells Fargo argues this action is barred by Cabro's failure to comply with three contractual conditions precedent to suit. First, Wells Fargo asserts Cabro neglected to follow contract provisions requiring it to

> verbally notify Wells Fargo['s] ... Branch Manager of any alleged loss immediately upon discovery, and [to] send notice there-

of to Wells Fargo ... within three (3) working days after the loss is discovered or not more than ten (10) days after the loss should have been discovered in the exercise of due care.

Contract ¶ 4(a). Pursuant to the contract, failure to provide such notice "shall relieve Wells Fargo Armored of any liability for any such loss." *Id.* In its Response, Cabro does not dispute that it verbally notified Wells Fargo of the alleged July 25, 1994 loss on November 16, 1994 or that it verbally notified Wells Fargo of the alleged November 4, 1994 loss on December 14, 1994, both dates being well outside the contractual notification period.

A second contract provision required Cabro to provide within thirty (30) days of an alleged lost shipment a "detailed notice of claim together with written proof [of lost funds] substantiated by the books, records, and accounts or other written records of [Cabro] subscribed to and sworn to by [Cabro] or its duly authorized officer." *Id.* ¶ 4(b). The contract provided Cabro's failure to give such notice would operate as a waiver of Cabro's right to claim lost funds. *Id.* Cabro gave Wells Fargo written notice of claim for both the alleged July, 25, 1994 loss and the November 4, 1994 loss on January 6, 1995. Again, the notice was given outside the contract's limitation period and was not substantiated by the appropriate documents required by the contract.

Third, the contract provided "[n]o action, suit or other proceeding to recover for any alleged loss shall be maintained against Wells Fargo unless the notices and written proof of loss are received by Wells Fargo ... within the time limits [discussed above], and ... in no event more than twelve (12) months after the alleged lost shipment[.]" *Id.* ¶ 4(c). Again, in breach of its contractual obligations, Cabro filed this action on June 25, 1996, for the losses allegedly occurring on July 25, 1994 and November 4, 1994.

## II. LEGAL DISCUSSION

Because the applicable contract provisions are unambiguous, the issues presented by Wells Fargo's motion are well suited for disposition through summary judgment. *See*

*Lawrence v. Cue Paging Corp.,* 194 W.Va. 638, 641, 461 S.E.2d 144, 147 (1995) (quoting *Winn v. Aleda Constr. Co.* 227 Va. 304, 307, 315 S.E.2d 193, 194 (1984)(stating the "well-established principle that, when a contract is clear and unambiguous, it is the duty of the court ... to decide its meaning")).

Our Court of Appeals has stated the standard used to determine whether a motion for summary judgment should be granted or denied as follows:

A moving party is entitled to summary judgment 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

A genuine issue exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A mere scintilla of evidence supporting the case is insufficient. *Id.*

*Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* 513 U.S. 813, 814, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994).

■ Cabro provides no explanation or justification for its failure to comply with the three contract provisions. Cabro does not challenge the right of parties to a contract to modify the statute of limitations by agreement or to establish conditions precedent to bringing an action under a contract. Nor does Cabro claim the contract is unenforceable on grounds of public policy. Instead, Cabro argues "summary judgment is improper given the failure of [Wells Fargo's] consideration and [its] breach of contract which precede[d]" Cabro's failure to provide Wells Fargo timely verbal or written notice of loss and its failure to institute this action within the contractual limitation period. Pl.'s Resp. at 1.[1]

■ Because the term "failure of consideration" may inaccurately suggest an absence of consideration, *see* 3A Corbin, Contracts § 658 (1960), that term was rejected by the drafters of the Restatement in favor of the term "failure of performance." *Restatement (Second) of Contracts* § 237, Reporter's Note. Accordingly, the Court understands Cabro's argument to be that Wells Fargo's *failure to perform* its promise to deliver Cabro's currency relieved Cabro of its obligations under the contract, including the obligations to provide timely notice of loss to Wells Fargo and to file actions to recover lost funds within one year of the loss. Because of Wells Fargo's failure to perform, Cabro claims this action is not barred by its failure to adhere to the contract's notice and limitations provisions.

■ *Section* 237 of the Restatement states the general rule regarding the effect of one party's failure to render performance on the other party's duties to perform as follows: "[I]t is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time." While performance by one party is a precondition to performance by the other, however, the effect of the breaching party's failure to perform is limited to duties to render performance. *Restatement (Second) of Contracts* § 237 Cmt e.

In other words, as Wells Fargo contends, "[d]epending upon the degree of the alleged breach, the Plaintiff's duties of *payment* may have been either suspended or discharged, but [Cabro] was not relieved from complying with other contractual duties . . . not related to performance, such as the mode or conditions of dispute resolution." Def.'s Reply at 4. The contract clearly set forth the procedures Cabro was to follow in event of suspected loss of funds by Wells Fargo. Had Cabro provided timely notice of loss, Wells Fargo could have made a timely investigation of the loss and could have cured its alleged breach by returning the lost funds. Had Wells Fargo refused to cure, Cabro could have sued to recover the lost funds within the limitations period specified in the contract. To permit Cabro to ignore the contractual notice and limitations-of-suit preconditions should Wells Fargo fail to deliver Cabro's funds essentially would write those provisions out of the contract and deny Wells Fargo the opportunity for effective loss investigation.

In its response memorandum, Cabro relies primarily on *Milner Hotels, Inc. v. Norfolk & Western Ry. Co.*, 822 F.Supp. 341 (S.D.W.Va. 1993), aff'd. 19 F.3d 1429 (4th Cir.1994).[2] Cabro's citation of *Milner Hotels* misstates the effect of one party's breach on the other's remaining contractual duties. In *Milner Ho-*

1. The Court notes the distinction between "failure of consideration" and "lack (or want) of consideration." Lack or want of consideration embraces transactions where no consideration was intended to pass. *Rauschenbach v. McDaniel's Estate*, 122 W.Va. 632, 635, 11 S.E.2d 852 (1940) (citations omitted). Failure of consideration refers to contracts where originally there was consideration that subsequently failed. *Id.* Plaintiff here alleges failure of consideration, because of Wells Fargo's alleged loss of funds, relieved Cabro of remaining contractual duties.

2. Cabro also cites *Evanston Bank v. Brink's, Inc.*, 853 F.2d 512 (7th Cir.1988) for the putative general rule that "when an armored car company fails to deliver funds which it is contractually obligated to do, a breach occurs." Pl.'s Resp. at 3. Because *Evanston Bank* involves issues not raised here, such as the effect of a subsequent oral agreement on an earlier written contract, that case is not relevant to the Court's resolution of this case.

*tels,* a hotel and a railroad entered into an agreement under which the hotel was to house the railroad's employees. 822 F.Supp. at 342. A hotel fire caused severe damage to some of the hotel rooms and smoke damage to the entire building. *Id.* at 343. The railroad asserted the hotel breached a contractual duty to maintain the rooms in a clean, sanitary condition and provided the contractually required thirty-day notice of its intention to vacate the hotel. *Id.* The hotel sued, seeking damages for breach of contract and lost revenue. The Court held the railroad had given proper notice of intention to vacate and that the hotel's breach—the failure to maintain its rooms—relieved the railroad of the duty to pay rent. *Id.* at 347.

Cabro argues that Wells Fargo, like the hotel, is precluded by its breach from enforcing the contract's notice and limitation-of-suit provisions. Wells Fargo convincingly rejects this argument. Its analysis bears quoting at length:

> In *Milner[ Hotels],* the hotel was suing the railroad for failing to perform its contractual duty—payment of rent. However, the hotel could not recover because the railroad's duty of payment had been discharged when the hotel committed the first material breach of the contract—noncompliance with fire codes and other contractual provisions.
>
> Conversely, in the case at bar the provisions that [Cabro] is attempting to avoid are not related to its duties of performance. [Cabro] is trying to use the "first to breach" argument not to assert that its contractual duties of performance were suspended, but to avoid portions [of] the contract unrelated to performance, namely, the conditions precedent to suit. This misconstrues the effect of the "first to breach" argument, stretching it far beyond a rule intended to protect one who is wronged by nonperformance from further exposure to injury.

Def.'s Reply at 5.

Cabro failed to observe contractual conditions precedent to suit and filed this civil

action beyond the limitations period specified in the contract. The Court's duty to enforce the contract compels it to conclude this action is barred. *See, e.g., L & E Corp. v. Days Inns of Am., Inc.,* 992 F.2d 55, 58 (4th Cir.1993) (stating "It is the function of the court to construe the contract made by the parties, not to make a contract for them"); *Fraternal Order of Police v. City of Fairmont,* 196 W.Va. 97, 101, 468 S.E.2d 712, 716 (1996).[3]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's motion for summary judgment, and **DENIES** as moot Plaintiff's motion to amend complaint.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

---

**3.** Cabro moves for summary judgment asserting that, by its failure to timely respond to Cabro's Requests for Admission, Wells Fargo has admitted matters that justify summary judgment. Be-

cause Cabro filed its Requests prior to the time it filed Rule 26(a) disclosures, the Requests were unseasonable under the Rules. On that basis the motion is **DENIED.**