**Shirley D. RADER, et al., Plaintiffs,**

v.

**The KROGER COMPANY, Defendant.**

**Civil Action No. 6:96–1867.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Sept. 3, 1997.

William L. Jacobs, Parkersburg, WV, for Plaintiffs.

Thomas E. Buck and Mark W. Browning, Shuman, Annand & Poe, Wheeling, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion for summary judgment. The Court **GRANTS** Defendant's motion.

## I. FACTUAL BACKGROUND

On September 8, 1994 Plaintiff Shirley Rader prepared for her family a meal using ground beef, an onion, macaroni noodles and a house brand jar of spaghetti sauce she had purchased from a Defendant Kroger store on August 30, 1994. Pl.'s Mem. in Resp. at 2. Mrs. Rader browned the ground beef, to which she added the diced onions. She could not open the Kroger jar of sauce, so she had her brother Lloyd McDonald, who was living with the Raders at the time, open the jar for her as she stood close by. Both heard the vacuum seal of the jar pop open. Mrs. Rader poured the sauce into the skillet with the beef and onions and simmered it, stirring it occasionally. Meanwhile, she cooked the macaroni in a separate pot. When the macaroni was done, Mrs. Rader prepared plates for herself and her husband and a bowl for each of their two daughters. She placed macaroni on each dish and spooned the goulash on top, spreading it over the noodles with the spoon. The family ate the meal without incident.[1] After dinner, they placed their dishes, without rinsing them, in the sink or on the counter.

That evening or the next morning, Mrs. Rader scraped the leftovers from the dishes into the sink. After emptying the last bowl, and before turning on the garbage disposal, she saw what she thought was an onion peel amongst the leftovers in the sink. She reached to discard it and, when it felt "funny," she "pulled it apart a little bit to see what it was." Dep. of Shirley Rader at 48–49. When she saw it was a condom, she became "very, very upset" at the thought the condom had been in their food while they ate it and immediately began to pour bleach over her hands and arms. Id. at 50–51. When her husband and brother returned home, she showed them the condom, which her brother stored in the freezer in a sandwich baggie. Lloyd McDonald contacted Kroger on September 12, 1994 to explain the family's belief that the condom had been in the Kroger jar when they opened it.

Both Mrs. Rader and her brother Lloyd McDonald have sought treatment from Barbara June Parker, a psychologist, because of anxiety from finding the condom in their food and fear of contracting AIDS. Plaintiffs suffer from nervousness, nightmares and insomnia. Mr. and Mrs. Rader and Mr. McDonald[2] have all been tested for the HIV virus several times since the incident and all tests have been negative. None has suffered an adverse health condition or disease since finding the condom.[3]

Agents of the Food and Drug Administration (FDA) interviewed Mr. and Mrs. Rader and Lloyd McDonald. After taking the condom from the Raders to have tests run, the agents told Plaintiffs the tests revealed the condom had been used, but not cooked.

Plaintiffs filed suit in the Circuit Court of Wood County on September 6, 1996. Kroger removed the case on October 10, 1996. Plaintiffs allege negligent infliction of emotional distress, a breach of the implied warranty of merchantability, West Virginia Code § 46–2–314, and a breach of the Pure Food and Drugs Act, West Virginia Code § 16–7–1 et seq.

## II. DISCUSSION

### A. The Summary Judgment Standard:

Our Court of Appeals often has stated the settled standard and shifting burdens gov-

---

1. Mrs. Rader's brother, Lloyd McDonald, later prepared his own plate from the same food and in basically the same manner.

2. Mrs. McDonald, Lloyd McDonald's wife, also may have tested negative for the HIV virus since the incident.

3. Lloyd McDonald was diagnosed with diabetes in 1995 but Plaintiffs do not contend his diagnosis is related to the condom.

erning the disposition of a motion for summary judgment:

> Rule 56(c) requires that the district court enter judgment against a party who, "after adequate time for ... discovery fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." To prevail on a motion for summary judgment, the [movant] must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law. In determining whether a genuine issue of material fact has been raised, we must construe all inferences in favor of the [the nonmovant]. If, however, "the evidence is so one-sided that one party must prevail as a matter of law," we must affirm the grant of summary judgment in that party's favor. The [nonmovant] "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another." To survive [the motion], the [nonmovant] may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. As the *Anderson* Court explained, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff[.]"

*Harleysville Mut. Ins. Co. v. Packer,* 60 F.3d 1116, 1119–20 (4th Cir.1995) (citations omitted); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* 513 U.S. 813, 814, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994); *see also Cabro Foods, Inc. v. Wells Fargo Armored Service Corp.,* 962 F.Supp. 75, 77 (S.D.W.Va. 1997); *Spradling v. Blackburn,* 919 F.Supp. 969, 974 (S.D.W.Va.1996). Although instructing a district court to draw all inferences in favor of the nonmovant, the Fourth Circuit has "hasten[ed] to add that those inferences must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *Thompson Everett, Inc., v. Nation-*

*al Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir.1995).

"At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly." *Id.*

### B. Plaintiffs' Claims

Plaintiffs assert negligent infliction of emotional distress as well as breach of implied warranty of merchantability and/or breach of Pure Food and Drugs Act, *West Virginia Code* § 16–7–1 *et seq.* Defendant fails to address the implied warranty/Pure Food and Drugs Act claim in its memorandum. Nonetheless, all of Plaintiffs' claims fail because Plaintiffs have not raised a triable issue as to whether the condom was in the jar when it left Defendant's possession and control, a necessary element of each claim asserted by Plaintiffs.

Neither Mrs. Rader nor Lloyd McDonald saw the condom when they opened the jar. Mrs. Rader did not see the condom when she poured the sauce into a skillet, nor when she stirred the simmering sauce for 15–20 minutes. Moreover, FDA tests show the condom was not cooked.[4] Mrs. Rader did not see the condom when she scooped the sauce out, spreading it over the noodles. No one noticed anything unusual during dinner. Mrs. Rader did not see the condom when she stacked the plates in the sink. Lloyd McDonald did not notice anything unusual when he served and ate his dinner, nor when he stacked his plate in the sink. The dishes sat in the sink before they were washed for at least several hours, perhaps overnight. The first time Mrs. Rader saw the condom it was in the sink with the leftovers. Given these undisputed facts, and the permissible, reasonable inferences accompanying them, Plaintiffs have not raised a genuine issue that the condom was contained in the Kroger-brand jar of spaghetti sauce when it left Defendant's possession and control. Accord-

---

4. The Court is well aware it does not have before it admissible evidence of the tests' results. However, Plaintiff William Rader acknowledged in his deposition the tests' results.

ingly, Defendant is entitled to judgment as a matter of law on Plaintiffs' claims. Defendant's motion for summary judgment is **GRANTED**.

### III. CONCLUSION

Because no reasonable jury could find for Plaintiffs on the linchpin factual question at issue, the Court concludes there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment and **ORDERS** this case **DISMISSED** and stricken from the docket.