Betty Jean **WORKMAN** and Larry **Workman,** her husband, Plaintiffs,

v.

UNITED ARTISTS THEATRE CIRCUIT, INC., d.b.a. Kanawha Mall Cinemas and Wilmington Trust Co., Defendants.

No. CIV.A. 2:99–0346.

United States District Court, S.D. West Virginia, Charleston Division.

Feb. 17, 2000.

H. H. Roberts, Charleston, WV, for plaintiffs.

Gary W. Hart and Cortland C. Putbrese, Jackson & Kelly, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is a motion for partial summary judgment on the issues of Plaintiffs' claims for punitive damages and loss of future income by Defendant United Artists Theatre Circuit, Inc. ("United Artists"). For reasons discussed below, the Court **GRANTS** United Artist's motion on the issue of loss of future income, but **DENIES** the motion on the issue of punitive damages.

## I. FACTUAL BACKGROUND

On May 3, 1997 Plaintiffs attended a movie at Kanawha Mall Cinemas, operated by United Artists. As she got up from her seat after the movie ended, Mrs. Workman slipped and fell on standing water that had leaked from breaches in the theater roof. This civil action, alleging Defendants' gross negligence and wanton disregard for patrons' safety, was removed from the Circuit Court of Kanawha County on the basis of diversity jurisdiction. The Complaint requests damages, including loss of future income and punitive damages. United Artists now moves for partial summary judgment on these claims.

## II. DISCUSSION

### A. Summary Judgment Standard

Our Court of Appeals has often stated the settled standard and shifting burdens governing the disposition of a motion for summary judgment:

> Rule 56(c) requires that the district court enter judgment against a party who, "after adequate time for ... discovery fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." To prevail on a motion for summary judgment, the [movant] must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law. In determining whether a genuine issue of material fact has been raised, we must construe all inferences in favor of the [nonmovant]. If, however, "the evidence is so one-sided that one party must prevail as a matter of law," we must affirm the grant of summary judgment in that party's favor. The [nonmovant] "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another." To survive [the motion], the [nonmovant] may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. As the *Anderson* Court explained, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff[.]" *Harleysville Mut. Ins. Co. v. Packer,* 60 F.3d 1116, 1119–20 (4th Cir.1995) (citations omitted); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994), *cert. denied,* 513 U.S. 813, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994); *see also Cabro Foods, Inc. v. Wells Fargo Armored Service Corp.,* 962 F.Supp. 75, 77 (S.D.W.Va.1997); *Spradling v. Blackburn,* 919 F.Supp. 969, 974 (S.D.W.Va.1996).

"At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly." *Thompson Everett, Inc. v. National Cable Advertising, L.P.* 57 F.3d 1317, 1323 (4th Cir.1995). It is through this analytical prism the Court evaluates the party's motions.

### B. Future Loss of Income

■ Because this is a diversity action, the Court applies West Virginia law. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties agree recovery for future permanent consequences of the wrongful infliction of a personal injury must be proved with reasonable certainty. *See Jordan v. Bero,* 158 W.Va. 28, 42, 210 S.E.2d 618, 629 (1974). Although discovery in this matter is complete, Plaintiffs have provided no computation or itemization of their claim for lost future income. Instead Plaintiffs have stipulated that "for five (5) years prior to May 3, 1997, the date of the incident alleged in the Complaint, to the present date,[1] Betty Jean Workman has earned no income or wages." (Mem. in Supp. of Mot. for Partial Summ. J., Ex. 5.) Plaintiffs further stipulated they cannot itemize any claim for past, present or future lost wages and/or income and have no documentation to support such claims. (*Id.*) Dr. Paul Legg, Mrs. Workman's treating physician, testified Mrs. Workman could return to her usual activities with no restrictions and, if she were working, she could return to work. (*Id.* at Ex. 6.) Finally, Mrs. Workman testified on direct examination in her deposition that she has not been employed since 1989 and has made no attempt to find employment since her fall at Kanawha Cinemas. (*Id.* at Ex. 7.)

In opposition to this motion, Plaintiffs first put forward Mrs. Workman's testimony at the same deposition, on cross examination by her counsel, where she stated she had tried to manage a tanning and video store for two months, but couldn't do so because of pain. She states she went to Dr. Casto, who told her to stop working. However, Plaintiffs provide no evidence of this job: no pay stubs, time cards, testimony of the store owner, and so forth. Nor do they provide any evidence of Dr. Casto's treatment or recommendation.

---

1. Although the stipulation is undated, it was filed December 21, 1999.

In other words, the only evidentiary support for this purported lost income is Mrs. Workman's own statement. Mrs. Workman's own statements, however, carry no more evidentiary weight than the allegations of her Complaint, including her claim she had a loss of future income due to her alleged injury. Proof to a reasonable certainty requires more than a restatement of Plaintiffs' allegations and may not be based on a scintilla of evidence or mere speculation. Mrs. Workman's assertion that she was employed at the tanning and video store also contradicts her sworn testimony in the same deposition that she had not been employed or attempted to find work since her fall. A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984) (citing *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir.1975)).

Mrs. Workman also states she babysat before 1989, but now she could not babysit if she wished to because of her back; however, this testimony is mere speculation, which cannot create a genuine issue of material fact. *See Harleysville*, 60 F.3d at 1120.

Far from meeting the standard of proof with reasonable certainty, Plaintiffs have not even produced evidence sufficient to create a genuine issue of material fact regarding loss of future income. The Court **GRANTS** United Artist's motion for partial summary judgment on this issue.

### C. Punitive Damages

*Alkire v. First National Bank of Parsons*, 197 W.Va. 122, 129, 475 S.E.2d 122, 129 (1996), provides the standard for proof of punitive damages: "In actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous."

Plaintiffs claim Defendants are liable for punitive damages because they knew, from the time they bought the theater building that it needed extensive roof repair. Although they patched the roof several times, the exact number being under dispute, the roof continued to leak into the cinemas over a period of years, creating a safety hazard for movie patrons. Plaintiffs provide a property condition report prepared by an architectural and engineering firm in 1994, which represents the central area of the Kanawha Cinemas' roof "has been repaired and continues to allow water penetration. Other areas of the roof are deteriorated and required replacement." (Mem. in Opp'n to Def.'s Mot. for Partial Summ. J., Ex. III.) Further, the report states, "The roofing systems require significant repair work at this time." (*Id.*)

Plaintiffs also present the deposition testimony of the Kanawha Cinemas manager since 1989 that roof repairs were done on four occasions between 1996 and 1999, but that leaks continued. The manager states that, when there were leaks, warning signs were posted, areas were roped off and cans and sometimes plastic were placed to catch water. The manager also affirms a report of a fall by another patron. (*Id.* at Ex. V.)

United Artists replies that Plaintiffs' evidence does not demonstrate criminal indifference, malice, or willful or intentional injury of Mrs. Workman. Punitive damages may also be assessed where a defendant's conduct is reckless, *Alkire*, 197 W.Va. at 129, 475 S.E.2d at 129. On a motion for summary judgment, the Court does not judge the quality of Plaintiffs' evidence but rather, construing all inferences in favor of the non-movant, determines whether there is a genuine issue of material fact. Here, Plaintiffs have brought forward some evidence of United Artists' failure to correct a known hazardous condition where large numbers of the public, including Plaintiffs, are business

invitees. This showing is sufficient to preclude summary judgment. Accordingly, United Artist's motion for summary judgment on the issue of punitive damages is **DENIED**.

### III. CONCLUSION

The Court **GRANTS** United Artist's motion for partial summary judgment on the issue of loss of future income and **DENIES** the motion for partial summary judgment on the issue of punitive damages. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.