544 S.E.2d 911

**Michelle FULLER, Plaintiff Below, Appellant,**

v.

**Alice M. RIFFE and Ellis Riffe, Defendants Below, Appellees.**

**No. 28662.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 20, 2001.

Decided March 9, 2001.

John E. Lutz, Charleston, for the Appellant.

W.A. Thornhill III, Beckley, for the Appellees.

PER CURIAM:

This appeal was filed by Michelle Fuller, appellant/plaintiff below [1] (hereinafter referred to as "Ms. Fuller"), from an order by the Circuit Court of Raleigh County granting summary judgment in favor of Alice E. Riffe and Ellis Riffe, appellees/defendants below (hereinafter collectively referred to as "the Riffes"). The circuit court granted summary judgment concluding that Ms. Fuller filed her complaint after the two year tort statute of limitations. Ms. Fuller argues that the discovery rule for torts was applicable, thus defeating the two year statute of limitations. Alternatively, she contends that the circuit

1. Ms. Fuller filed this action as executrix of the estate of Guy Meek and in her individual capacity.

2. Ms. Fuller is the granddaughter of Mr. Meek.

3. On the same day, Mrs. Alice Riffe executed a power of attorney for Mr. Meek. Mrs. Riffe is the niece of Mr. Meek.

court's ruling was error because the statute of limitations for contracts governed her case. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we reverse the decision of the Circuit Court of Raleigh County.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Guy Meek, deceased, executed a will on March 15, 1995, devising all of his estate to Ms. Fuller and naming her as the executrix of his estate.[2] On August 22, 1995, Mr. Meek executed a deed conveying his residence to the Riffes.[3] The deed stated that $60,000 was paid as consideration for the property. Six days after conveying his residence to the Riffes, Mr. Meek died.

Both parties agree that no consideration was actually paid for the property. The Riffes contend that the property was an inter vivos gift. In contrast, Ms. Fuller argues that the property was not a gift. Ms. Fuller instituted this action, on behalf of Mr. Meek's estate and individually, to recover the $60,000 or to have the property reconveyed to the estate.

The circuit court granted summary judgment to the Riffes based on its conclusion that the action was a tort and that it was filed after the running of the two year statute of limitations.[4] From this ruling, Ms. Fuller now appeals.

## II.

### STANDARD OF REVIEW

We have held that "[a] circuit court's entry of summary judgment is reviewed de novo." Syl. pt. 1, Painter v. Peavy, 192 W.Va. 189, 451 S.E.2d 755 (1994).

4. The circuit court's order stated that its ruling could be treated as summary judgment or as a motion to dismiss under Rule 12 of the West Virginia Rules of Civil Procedure. The Riffes filed a motion for summary judgment. Therefore, this Court will treat the order as granting summary judgment.

"A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). We have similarly stated that "[u]nder Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper only where the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law." *Painter,* 192 W.Va. at 192, 451 S.E.2d at 758.

### III.

### DISCUSSION

■ Ms. Fuller contends that her cause of action sounded in contract[5] and in tort.[6] Therefore, under existing principles of law the statute of limitations for torts was not applicable.[7] In contrast, the Riffes contend that the complaint sounded only in tort. Thus, the circuit court correctly applied the tort statute of limitations.

■ Our cases have held that "[a] complaint that could be construed as being either in tort or on contract will be presumed to be on contract whenever the action would be barred by the statute of limitation if con-

strued as being in tort." Syl. pt. 1, *Cochran v. Appalachian Power Co.,* 162 W.Va. 86, 246 S.E.2d 624 (1978). *Accord* Syl. pt. 4, *Smith v. Stacy,* 198 W.Va. 498, 482 S.E.2d 115 (1996). The relevant provisions of the complaint filed in this action provide as follows:

12. Defendants, and especially defendant Alice M. Riffe, took unlawful advantage of her fiduciary relationship with Guy Meek and exerted undue influence over Guy Meek when she procured his signature on the August 22, 1995 Deed six days prior to his death.

13. Under these circumstances, plaintiff is entitled to have the defendants pay the Estate the sum of $60,000, plus interest, which represents the fair market value of the property in question on August 28, 1995.

Based upon our review of the above cause of action provisions, and the complaint as a whole, we are unable to say that the complaint invoked exclusively a tort cause of action. The complaint could be read as stating a cause of action in contract, as well as in tort. For example, the complaint could be reasonably interpreted as a contract action because no money was actually paid for the property in question. Additionally, the type of relief requested in the complaint sounds in contract. Finally, the complaint could be

---

5. The contract statute of limitations is found at W. Va.Code § 55–2–6 (1923) (Repl.Vol.2000):

Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: If the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator or guardian, curator, committee, sheriff or deputy sheriff, clerk or deputy clerk, or any other fiduciary or public officer, within ten years; if it be upon any other contract in writing under seal, within ten years; if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years; and if it be upon any other contract, express or implied, within five years, unless it be an action by one party against his copartner for a settlement of the partnership accounts, or upon accounts concerning the trade or merchandise between merchant and merchant, their factors or servants, where the action of account would lie, in either of which cases the action may be brought until the expiration of

five years from a cessation of the dealings in which they are interested together, but not after.

6. The tort statute of limitations is found in W. Va.Code § 55–2–12 (1959) (Repl.Vol.2000):

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

7. Ms. Fuller alternatively argues that if the case was treated as strictly a tort cause of action, the two year statute of limitations did not run. Because we decide this issue on the contracts argument, we need not address the alternative tort contention.

also read as stating a cause of action in tort based upon the manner in which Mr. Meek's signature was obtained on the deed. "We therefore conclude that this action sounds in tort and contract and should not be precluded by a tort statute of limitations." *Smith v. Stacy,* 198 W.Va. 498, 503, 482 S.E.2d 115, 120 (1996). Consequently, the trial court committed error in applying the tort statute of limitations to bar the action.

## IV.

## CONCLUSION

For the reasons explained in the body of this opinion, the circuit court's order granting summary judgment is reversed, and this case is remanded for additional proceedings.

Reversed and Remanded.