575 S.E.2d 613

**Michele FULLER, in her Capacity as Executrix of the Estate of Guy J. Meek, and in her Capacity as True Sole Heir of the Last Will and Testament of Guy J. Meek, Plaintiff Below, Appellant,**

v.

**Alice M. RIFFE and Ellis E. Riffe, Defendants Below, Appellees.**

No. 30515.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2002.

Decided Dec. 2, 2002.

---

4. *Id.*

John E. Lutz, Esq., Riccardi & Lutz, Charleston, West Virginia, Attorney for Appellant Michele Fuller.

W.A. Thornhill, III, Esq., Beckley, West Virginia, Attorney for Appellees Alice M. Riffe and Ellis E. Riffe.

PER CURIAM:

This action is before this Court upon the appeal of the appellant and plaintiff below, Michele Fuller, from the final order of the Circuit Court of Raleigh County entered on September 17, 2001. Pursuant to that order, the Circuit Court set aside a $60,000 jury verdict returned for the appellant and, in lieu thereof, entered judgment for the appellees and defendants below, Alice M. Riffe and Ellis E. Riffe, as a matter of law.

The controversy concerns a deed executed by the decedent, Guy J. Meek, six days prior to his death. Pursuant to the deed, Mr. Meek, age 83, conveyed his residence to the appellees. Appellant Fuller, the decedent's granddaughter, contends that the conveyance was a sale and that the decedent's Estate is

entitled to the purchase price in the amount of $60,000. The appellees, on the other hand, assert that the conveyance to them from the decedent was a gift. In setting aside the verdict for appellant Fuller, the Circuit Court determined that there was no evidence of any agreement or understanding between Meek and the appellees upon which the jury could have concluded that a sale was contemplated.

This Court has before it the petition for appeal, all matters of record and the briefs filed by counsel. For the reasons stated below, this Court is of the opinion that the evidence at trial was sufficient to support the verdict of the jury and that, consequently, the Circuit Court committed error in entering judgment for appellees Alice M. Riffe and Ellis E. Riffe as a matter of law. Accordingly, this action is remanded to the Circuit Court for the entry of an order reinstating the verdict and granting a judgment thereon in favor of appellant Fuller in the amount of $60,000.

## I.

### FACTUAL BACKGROUND

On March 15, 1995, Guy J. Meek, whose wife and only child predeceased him, signed a Will naming his granddaughter, appellant Michele Fuller, executrix of his Estate and leaving to her all his real and personal property. The only real property owned by Meek was his residence on Hargrove Street in Beckley, West Virginia.

Nevertheless, in August 1995, Guy J. Meek executed a general power of attorney appointing his niece, appellee Alice M. Riffe, as his attorney in fact. Also on that day, Meek signed a general warranty deed conveying his real property on Hargrove Street to Alice M. Riffe and her husband, Ellis E. Riffe. Both the power of attorney and the deed were prepared by Ned H. Ragland, Jr., an experienced real estate attorney in Beckley, West Virginia. According to the appellees, Mr. Ragland was contacted by Alice M. Riffe at Meek's request.

Specifically, the record indicates that on August 22, 1995, Mr. Ragland and Deborah Kay Hambrick, a notary public, brought the power of attorney and deed to Meek's residence where they were met by Alice M. Riffe. Meek, age 83, had apparently fallen and was sitting on the bedroom floor. Meek signed the documents at his residence that day in the presence of both Mr. Ragland and Ms. Hambrick. At his subsequent deposition, which was admitted in evidence at trial, Ragland testified that he made sure that Meek knew what he was doing and that Meek wanted Alice M. Riffe to have the house. Ragland did not recall the existence of any agreement requiring the appellees to pay for the property. At the time of the above events, appellant Fuller was on active military duty in Germany.

The deed, as signed by Guy J. Meek, contained the following typewritten statement: "The total consideration paid for the transfer of this property is _____." Two days later, on August 24, 1995, appellee Alice M. Riffe presented the deed at the Office of the Clerk of the Raleigh County Commission for recording. Although Ms. Riffe stated that the conveyance was a gift rather than a sale, the Clerk informed her that, even so, an amount representing the value of the property conveyed was needed upon the deed for transfer tax purposes. *W.Va.Code,* 11–22–2 (1989); *W.Va.Code,* 11–22–6 (1995). Ms. Riffe testified that she then wrote the amount of $60,000 in the blank space described above, and the deed was recorded. Soon after, on August 28, 1995, Guy J. Meek died in a nursing home.

## II.

### PROCEDURAL BACKGROUND

In September 1997, appellant Fuller filed a complaint in the Circuit Court of Raleigh County against the appellees, Alice M. Riffe and Ellis E. Riffe. The appellant alleged that the appellees owed the Estate of Guy J. Meek $60,000 for the conveyance of the property, i.e., the appellees should pay the $60,000 set forth in the deed. The appellant demanded, in the alternative, that the appellees reconvey the property to the Estate. On the other hand, asserting that the $60,000 was inserted in the deed for recording pur-

poses only, the appellees maintained that the conveyance was a gift.

Initially, the Circuit Court concluded that appellant Fuller's action was barred by the two year statute of limitations on tort actions and, for that reason, granted summary judgment in favor of Alice M. Riffe and Ellis E. Riffe. Upon appeal, this Court held that, inasmuch as the appellant's complaint sounded in both tort and contract, the action should not be precluded by the tort statute of limitations. Thus, this Court remanded the action for trial. *Fuller v. Riffe,* 209 W.Va. 209, 544 S.E.2d 911 (2001).

In June 2001, a trial was conducted in the Circuit Court. The witnesses included appellant Fuller, the appellees and the Clerk of the Raleigh County Commission. In addition, the testimony of Ned H. Ragland, Jr., was submitted to the jury by way of his deposition. At the conclusion of the trial, the jury returned a verdict in favor of appellant Fuller in the amount of $60,000. Following the verdict, however, the Circuit Court, upon the appellees' motion, set aside the verdict and granted judgment for the appellees as a matter of law. That ruling was reflected in an order entered by the Circuit Court on September 17, 2001. Incorporated in the order was the Circuit Court's memorandum of opinion which stated:

> There is no evidence of a bargained for exchange between the decedent and the [Riffes]. There is no evidence that the decedent intended or expected to be paid the sum of $60,000 for the property and there is no evidence that the [Riffes] made a promise to do so. * * * The person who presented the deed to the recording clerk wrote that sum into the blank space in the declaration of consideration for the sole purpose of having the deed recorded.

## III.

### STANDARD OF REVIEW

As stated above, the Circuit Court of Raleigh County set aside the verdict of the jury and granted judgment in favor of Alice M. Riffe and Ellis E. Riffe as a matter of law. Having denied the appellees such relief during the trial, the Circuit Court's ruling was based upon their renewal of the motion following the verdict. The renewed motion was, thus, reviewed by the Circuit Court under the provisions of Rule 50(b) of the West Virginia Rules of Civil Procedure. Rule 50(b) provides that, in ruling upon a renewed motion for judgment after a verdict is returned, a circuit court may: (a) allow the judgment to stand, (b) order a new trial or (c) direct the entry of judgment as a matter of law.

Prior to April 1998, a post-trial motion for judgment under Rule 50(b) was known as a motion for judgment notwithstanding the verdict. On April 6, 1998, however, various amendments by this Court to Rule 50(b) went into effect, among which established the current provision for a motion for judgment as a matter of law. Nevertheless, the change in the terminology did not affect the standard by which a circuit court considers a motion under Rule 50(b) or the standard by which this Court reviews the circuit court's ruling. *See, McCloud v. Salt Rock Water Public Service District,* 207 W.Va. 453, 457 n. 1, 533 S.E.2d 679, 683 n. 1 (2000), discussing a motion for a directed verdict in a similar context. Accordingly, since the 1998 amendments, this Court, as shown in syllabus point one of *Rodriguez v. Consolidation Coal Company,* 206 W.Va. 317, 524 S.E.2d 672 (1999), has reaffirmed the following standard of review concerning Rule 50(b):

> "In considering whether a motion for judgment notwithstanding the verdict under Rule 50(b) of the West Virginia Rules of Civil Procedure should be granted, the evidence should be considered in the light most favorable to the plaintiff, but, if it fails to establish a *prima facie* right to recover, the court should grant the motion." Syl. pt. 6, *Huffman v. Appalachian Power Co.,* 187 W.Va. 1, 415 S.E.2d 145 (1991).

That standard is consistent with syllabus point 5 of *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984), which states:

In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

Syl. pt. 1, *Seymour v. Pendleton Community Care*, 209 W.Va. 468, 549 S.E.2d 662 (2001); syl. pt. 1, *Finley v. Norfolk and Western Railway Company*, 208 W.Va. 276, 540 S.E.2d 144 (1999); syl. pt. 2, *Lawrence v. Cue Paging Corporation*, 194 W.Va. 638, 461 S.E.2d 144 (1995).

## IV.

## DISCUSSION

■ As appellant Fuller emphasizes, Mr. Ragland, an experienced real estate attorney in Beckley, included the following statement in the deed he prepared for Mr. Meek's signature: "The total consideration *paid* for the transfer of this property is _____." (emphasis added) That language is found in *W.Va.Code*, 11–22–6 (1995), which requires a deed to include a declaration of the "consideration paid for or the value of the property thereby conveyed."

However, as appellant Fuller brought out at trial, *W.Va.Code*, 11–22–6 (1995), contains another form for the required declaration which Ragland could have used if the conveyance from Guy J. Meek to Alice M. Riffe and Ellis E. Riffe was, in fact, a gift. That language, not used with regard to the deed in question, is as follows: "The true and actual value of the property transferred by the document to which this declaration is appended is to the best of my knowledge and belief $ _____." Nevertheless, Mr. Ragland never testified that the statement or declaration he actually employed in the deed, which indicated that consideration had been *paid* for the conveyance, was a mistake. In that regard, appellant Fuller argues:

The jury obviously chose to believe that the August 22, 1995, deed prepared by an experienced real estate lawyer at the behest of defendant Alice Riffe and which provided that $60,000 was paid as consideration for the conveyance correctly reflected the agreement of the parties to the deed. Clearly, this is not an unreasonable conclusion by the jury given the plain language of the deed, and this is particularly true in light of appellees' inability to produce evidence that such language was simply a mistake.

Moreover, the Clerk of the Raleigh County Commission testified that, although appellee Alice M. Riffe told her that the conveyance was a gift from Guy J. Meek, the Clerk had never communicated directly with Meek regarding whether he intended the conveyance to be a sale or a gift. Rather, the Clerk acknowledged that a stranger reading the deed in question "would draw the conclusion that $60,000 was paid."

Finally, appellant Fuller places importance upon an apparent contradiction in the deposition testimony of Mr. Ragland. Ragland stated that, at the time Guy J. Meek signed the power of attorney and deed, he made sure that Meek knew what he was doing and that Meek wanted Alice M. Riffe to have the house. Moreover, Ragland did not recall the existence of any agreement requiring the appellees to pay for the property. Nevertheless, Mr. Ragland also stated that he did not specifically remember whether he asked Meek if he was selling his property on Hargrove Street or giving it away. As Ragland testified:

Q. So if you had no understanding as to how much, if anything, was going to be paid for this property—if you didn't have that understanding, then it's safe for me to assume that you couldn't discuss that with Mr. Meek either, could you ?

A. Well, I would imagine in my questioning of Mr. Meek, that I probably did ask whether he was selling it or giving it, or whatever, I don't recall that. I would assume I probably got into that. I just don't—three or four years ago I just don't recall, specifically, what those were.

Referring to the above testimony, appellant Fuller asserts that it was "certainly proper for the jury to disregard that portion of Mr. Ragland's testimony that is favorable to [the] appellees."

Consequently, upon all of the above, this Court is of the opinion that, considering the evidence at trial in the light most favorable to the appellant, the Circuit Court committed error in setting aside the jury verdict and in granting judgment for the appellees as a matter of law. The action was a proper one for the determination of a jury. Specifically, the evidence of the appellant, and particularly (1) the express declaration in the deed signed by Guy J. Meek that consideration in the amount of $60,000 was paid for the conveyance and (2) the uncertainty of Mr. Ragland as to whether Meek intended to sell his residence or give it to the appellees, was sufficient to support the verdict returned in the appellant's favor. *See, Orr v. Crowder, supra.* Therefore, appellant Fuller is entitled to have the verdict reinstated.

## V.

### CONCLUSION

Accordingly, the final order of the Circuit Court of Raleigh County entered on September 17, 2001, is reversed, and this action is remanded to that Court for the entry of an order reinstating the verdict and granting a judgment thereon in favor of the appellant, Michele Fuller, in her capacity as executrix of the Estate of Guy J. Meek and in her capacity as true sole heir of the last Will and Testament of Guy J. Meek, in the amount of $60,000.

Reversed and remanded.